**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA**

| | | |
|---|---|---|
| **SMITH DEVELOPMENT, INC.,** | : | CASE NO. 09-10078-RGM |
| **DEBTOR** | : | Chap. 11 Converted to Chap. 7 |

**MOTION OF
DEBTOR SMITH DEVELOPMENT, INC., AND PARTY IN INTEREST
M. KEVIN SMITH TO ORDER TRUSTEE AND ESTATE TO ABANDON
CAUSES OF ACTION AGAINST ATTORNEYS HIRED
<u>TO FILE ADVERSARY ACTIONS</u>**

Pursuant to 11 U.S.C. 554; Bankruptcy Rule 6007(b); and Local Rule 6007-1, the Debtor Smith Development, Inc., and Kevin Smith, Party in Interest, move for an Order requiring the Trustee and the Estate to abandon certain property. The property to be abandoned is causes of action for legal malpractice; conflict of interest; and other torts and contract actions to be asserted against certain attorneys hired by the Estate and the Trustee. These attorneys were hired by the Estate and Trustee to file—and did file-- adversary actions against three particular individuals. These three persons had signed contracts with debtor company for the debtor to build expensive, custom-designed homes and convey such homes to the three buyers for valuable consideration. The three persons subject to the adversary actions failed to perform on signed contracts to purchase these expensive, custom homes constructed by the Debtor.

1. The subject attorneys who may be sued for legal malpractice and other causes of action are the law firms of Pesner Kawamato Conway, P.C. and Attorney Martin Conway, formerly of that firm.

2. These subject attorneys were hired by the Trustee and the Estate to file adversary actions against the contract buyers of the luxurious new homes constructed by the debtor. Some of the same attorneys, including Martin Conway, had represented the Debtor in filing his Chapter 11 Petition.

3. The individual party in interest, M. Kevin Smith, is an officer and principal of the Debtor Smith Development Inc.  The attorneys subject to potential legal malpractice claims settled the three adversary actions for grossly inadequate amounts. M. Kevin Smith objected to the inadequate recoveries that the attorneys agreed to in the settlements.  The amounts of the settlement in the three adversary actions ended up being exactly the amount of attorney's fees that the Trustee asked this Court to award to the subject attorneys.

4. M. Kevin Smith's objections to the adversary settlements were overruled because M. Kevin Smith, who had loaned the corporate debtor money, had not individually filed a proof of claim in the Chapter 11/Chapter 7 Bankruptcy of Smith Development Inc.  The advice that M. Kevin Smith received or did not receive about his need to file an individual proof of claim as a creditor or guarantor of Smith Development, Inc., may also involve the subject attorneys.

5. The Trustee approved the work the subject attorneys in representing the estate in the three adversary actions against non-performing contract buyers of homes

2

that the debtor corporation constructed. The Trustee has waived any obligation or desire to proceed against these same attorneys in a legal malpractice claim for the Estate. The Trustee will also be a witness in any legal malpractice litigation and is not in a position to represent the Estate in such cause of action against the subject attorneys.

6. The cause of action for legal malpractice against the subject attorneys is burdensome to the Estate and cannot be pursued by the Trustee.

Conclusion

Accordingly, after notice and hearing, the Court should enter the attached Proposed Order approving abandonment of all causes of action for negligence and contract that the debtor corporation may have against the subject attorneys.

Respectfully submitted,

/s/John S. Lopatto III, VSB 333980, Member Bar of this Court
803 Gibbon St., Suite 200
Alexandria, VA 22314-4115

202-861-5800
FAX: 202-315-3850
JLopatto3@gmail.com
John3@jlopattolaw.com

Attorney by Special Appearance for Smith Development, Inc. and Kevin Smith, Individually

Certificate of Service

I hereby certify that a copy of the foregoing Motion by Debtor and Interested Party, was served on following by deposit in the ECF system and in the U.S. Mail:

Martin C. Conway, Esq.
12934 Harbor Drive, Suite 108
Woodbridge, VA 22192

Pesner Kawamoto PLC
7926 Jones Branch Drive, Suite 930
McLean, VA 22102

Richard A. Bartl, Trustee
Tyler et al.
300 North Washington St., Suite 202
Alexandria, VA 22314

U.S. Trustee W. Clarkson McDow Jr.
115 S. Union St., Room 210
Alexandria, VA 22314


/s/John S. Lopatto III