**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

**In re:**

| | | |
|---|---|---|
| **SMITH DEVELOPMENT, INC.** | ) | Bankruptcy Case No: 09-10078 |
| | ) | |
| **Debtor** | ) | Chapter 7 |
| | ) | |
| _____ | ) _____ | |
| | ) | |
| **MARTIN CONWAY,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PESNER KAWAMATO CONWAY, P.C.,** | ) | Adversary Case No: 21-01020-KHK |
| | ) | |
| **Plaintiffs.** | ) | |
| v. | ) | |
| | ) | |
| **SMITH DEVELOPMENT, INC., DEBTOR,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN LOPATTO, COUNSEL FOR SMITH DEVELOPMENT, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**<u>PLAINTIFFS MARTIN CONWAY AND PESNER KAWAMATO CONWAY, P.C.'S MOTION FOR CONTEMPT AND SANCTIONS AND MEMORANDUM IN SUPPORT THEREOF</u>**

Robert Jackson Martin, IV (VSB No. 80655)
jackson@dmhowelllaw.com
Law Offices of Danny M. Howell, PLLC
6861 Elm Street, Suite 3D
McLean, VA 22101
Phone: (703) 556-8900
Fax: (703) 237-1224
*Counsel for Martin Conway and Pesner, Kawamato, Conway, P.C.*

1

Plaintiffs Martin Conway and Pesner Kawamato Conway, P.C. (collectively, "Conway"), by and through their undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9013, Local Bankruptcy Rule 9013-1, and 11 U.S.C.§ 105(a), hereby move this Court to hold Defendants John Lopatto ("Lopatto") and Smith Development, Inc. ("Smith") (collectively, "Defendants") in contempt of Court and sanction them for blatantly disregarding this Court's May 4, 2021 Bridge Order.

## INTRODUCTION

On May 4, 2021, after holding an evidentiary hearing to determine whether Defendants violated the Barton Doctrine and this Court's automatic stay, this Court entered an order staying Defendants' state-court malpractice case. See ECF No. 24 ("Defendants' malpractice action (Case No. 1900-1737) pending in Alexandria Circuit Court is stayed until further notice from this Court."). Defendants disregarded this Court's Order and proceeded to: (1) ask that the Virginia Attorney General intervene in the state-court action "to oppose the violent attack" on the state court's jurisdiction, (2) move for summary judgment in the state court and (3) issue additional discovery in the state-court action. Such misconduct clearly violates this Court's Order and Defendants should be sanctioned for their misconduct.

## FACTUAL BACKGROUND

1. On April 22, 2021, this Court held an evidentiary hearing to determine whether Defendants violated the Barton Doctrine and this Court's automatic stay by filing a malpractice action against Conway in Alexandria Circuit Court without securing leave from this Court.

2. On May 4, 2021, this Court entered a Bridge Order staying the state-court action, pending disposition of this adversary proceeding and directing Plaintiffs to submit an order to the Circuit Court notifying it of this Court's stay and order. See ECF No. 24.

2

3.      Smith Development submitted the Bridge Order to the Circuit Court on May 10, 2021, together with a filing attacking the Order's validity, urging the state court to "decline to obey" it, and requesting that the Chief Judge of the Circuit Court enlist the aid of the Attorney General to combat this Court's "violent attack on the jurisdiction and sovereignty of the Circuit Court." See "Notice of Transmittal of Order from U.S. Bankruptcy Court . . . with Request from Plaintiff for Chief Judge to Invite Intervention of Attorney General of Virginia," attached as Exhibit A hereto, at p. 3.  The document otherwise rehashed the jurisdictional objections Smith Development had made unsuccessfully in this Adversary Proceeding.

4.      Smith Development then proceeded to continue litigating the state court case that this Court had stayed, issuing new discovery requests to Conway on May 25, 2021. See Exhibit B.  Counsel for Conway wrote Smith Development's counsel by email on June 2, 2021, requesting that the discovery be withdrawn and that Smith Development consent to entry of a stay order in the Circuit Court based upon this Court's Bridge Order staying the state court case. Smith Development declined to withdraw the discovery or consent to a consent order; and Conway filed a motion for entry of the stay order on June 4, 2021.  See Exhibit C.

5.      Smith Development then filed a 17-page motion for "summary judgment" asking the Circuit Court to "confirm[] that its jurisdiction will not be eroded by a non-Article III U.S. Bankruptcy Court Judge" and seeking a ruling "that the jurisdiction of this Circuit Court over this legal malpractice cause of action will not be altered or interfered with by U.S. Bankruptcy Court orders for injunction or stay". See Exhibit D, at pp. 8 and 17.  Together with its motion, Smith Development submitted a draft order declaring not only that the Circuit Court would not adhere to the stay but also that it would not enforce any future sanction order of the Bankruptcy Court.  The draft order provided that "[t]his Sovereign Court declines to recognize, defer to or

3

enforce any rulings from the U.S. Bankruptcy Court that would interfere with this Court's jurisdiction to try" the case, that "the Bridge Order . . . will not be enforced or deferred to", and that "[a]ny award of sanctions by the U.S. Bankruptcy Court against Smith Development Inc. or against Smith Development's counsel . . . will not be recognized, deferred to, or enforced by this Court." See draft order, attached as Exhibit E.

6.  Smith Development noticed its summary judgment motion for argument on June 23, 2021, the same time that the motion for entry of a stay order was set to be heard. Conway moved to strike the motion; and the Circuit Court thereafter advised that only the motion to stay would be heard.

7.  At the hearing on Conway's motion for entry of a stay, Smith Development's counsel stated, "[t]his court should decline to enter any orders from the bankruptcy court because they are an intrusion on this court's sovereignty and jurisdiction, and it should order that any future orders under the bankruptcy court only be docketed if leave of the court is provided. This case represents a very serious assault on your sovereignty and jurisdiction, Your Honor, and you should turn it away." See June 23, 2021 Hearing Transcript, attached as Exhibit F, at p. 13. The Circuit Court agreed to enter the stay order.

## ARGUMENT

As set forth above, virtually from the moment the Bridge Order was entered, Smith Development and its counsel launched a broadside attack against both the Order and the Adversary Proceeding, and otherwise sought to continue to litigate the state-court case this Court had just stayed. Apart from the refusal to follow the clear terms of the Bridge Order, Smith Development advanced jurisdictional arguments contrary to controlling precedent of the Fourth Circuit and urged the state court to ignore not only the Bridge Order but any potential sanctions

4

award. While willfulness is not required to find Defendants in contempt for disobeying the Bridge Order, Defendants' conduct nevertheless constitutes willful disobedience of the stay, and supports entry of an order holding Defendants in contempt and assessing sanctions for their misconduct.

### The Bankruptcy Court Has the Power to Stay State Court Proceedings to Control the Disposition of Cases On its Docket.

"There is inherent in the power of every court the power to stay proceedings in order to control the disposition of cases on its docket. This principle should follow regardless of whether the court is a state or federal court, and regardless of whether, if a federal court, it is a special court or one of limited jurisdiction . . . [A]ny conduct which disrupts or threatens the inherent power of a court to control proceedings or to maintain the dignity and efficiency of the judicial process should in the first instance be punished by that court." In re Hookup, L.L.C., 2013 Bankr. LEXIS 170, at *9 (Bankr. E.D. Va. Jan. 15, 2013), citing Johns-Manville Sales Corp. v. Doan (In re Johns-Manville Corp.), 26 B.R. 919 (Bankr. S.D.N.Y. 1983) (citations omitted). That power extends to dismissal of state court proceedings that violate the Barton doctrine. See Barney v. Lane (In re Lane), 2021 Bankr. LEXIS 1538, at *1 (Bankr. D. Wyo. Mar. 4, 2021) ("The bankruptcy court is the proper forum in which leave could be obtained under Barton, and the court has the authority under 11 U.S.C.S. § 105 to enforce the doctrine by ordering actions commenced that violate the doctrine be dismissed, and by holding violators in contempt.").

### The Bankruptcy Court Has Broad Powers to Adjudicate Civil Contempt, Impose Compensatory Sanctions, and Sanction the Attorneys Who Appear Before It. It is Well Established that Bankruptcy Courts Have the Same Civil Contempt Powers as Article III Courts.

Under § 105 of the Bankruptcy Code, the bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11. This

5

provision is broad enough to grant to the bankruptcy court the power to utilize civil contempt in order to see that parties comply with orders and judgments issued by the bankruptcy court. See In re Walters, 868 868 F.2d 665, 669 (4th Cir. 1989) (order of bankruptcy court holding attorney in civil contempt for violating turnover order was appropriate in carrying out the provisions of the Bankruptcy Code).

"There is broad consensus among the circuit courts that Section 105 imbues the Bankruptcy Court with the power to adjudicate civil contempt and impose compensatory sanctions in a wide variety of factual and procedural contexts. PHH Mortg. Corp. v. Sensenich, 2017 U.S. Dist. LEXIS 207801, at *14-15 (D. Vt. Dec. 18, 2017), citing In re Walters, 868 F.2d at 669; In re Power Recovery Sys., Inc., 950 F.2d 798, 802 (1st Cir. 1991) ("It is well-settled law that bankruptcy courts are vested with contempt power" in a civil contempt case involving only compensatory and coercive sanctions."); In re Terrebonne Fuel and Lube, Inc., 108 F.3d 609 (5th Cir. 1997) ("a bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105"); In re Rainbow Magazine, Inc., 77 F.3d 278, 284 (9th Cir. 1996) (Section 105 imbues bankruptcy courts with the same authority to impose civil contempt sanctions as Article III Courts.).

Additionally, "under the provisions of Section 105(a), the bankruptcy court has great power to sanction the attorneys who appear before it." In re Kestner, 2015 Bankr. LEXIS 1378, at *45-46 (Bankr. D. Md. Apr. 20, 2015), citing Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("[T]he power to punish for contempt is inherent in all courts."); Burd v. Walters, 868 F.2d 665, 669 (4th Cir. 1989); In re Nguyen, 447 B.R. 268, 281-82 (9th Cir. B.A.P. 2011) (holding that bankruptcy court's power to sanction attorneys under Section 105(a) extended even to suspending an attorney from practice). Civil contempt is

appropriate where a party has failed to abide by a specific and unequivocal order of the Court. In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995).

"Federal Rule of Bankruptcy Procedure 9020 provides that motions for orders of contempt must be made in accordance with Rule 9014, which requires that 'reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.'" Smith-Scott v. Liebmann, 2016 U.S. Dist. LEXIS 127755, at *4 (D. Md. Sep. 20, 2016).

### A Party and/or Its Counsel Is in Civil Contempt If Clear and Convincing Evidence Shows That the Contemnor is Aware of the Existence of an Order and Voluntarily Engages in Conduct which Violates the Order or Injunction, Without Regard to Whether the Conduct was Willful.

Since civil contempt is remedial, "it matters not with what intent the defendant did the prohibited act." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). Thus, willfulness in the sense of having a subjective intent to violate an order or injunction is not required. See In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) ("willfulness is not an element of civil contempt"); McLean v. Central States, 762 F.2d 1204, 1210 (4th Cir. 1985) ("good faith alone does not immunize a party from a civil contempt sanction for non-compliance with a court order").  "This means that if a party is aware of the existence of an order or injunction and voluntarily engages in conduct which violates the order or injunction, that party is in civil contempt without regard to whether there was any specific intent to violate the order." In re Ware, 2003 Bankr. LEXIS 2446, at *9 (Bankr. M.D.N.C. Apr. 22, 2003).

Thus, consistent with the purposes of civil contempt sanctions to compensate the claimant for losses and expenses it incurred because of the contemptuous conduct; and coerce the contemnor into complying with the court order, "[t]he absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce

compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." In re Walters, 868 F.2d at 668 (citation and internal punctuation omitted); Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc., 793 F.2d 1529, 1534 (11th Cir. 1986) ("[C]ontempt may serve two purposes. It can be either coercive, which is intended to make the recalcitrant party comply, or compensatory, which reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance.") (citation and internal punctuation omitted).

In the Fourth Circuit the general rule is that the burden of proof in a civil contempt proceeding is proof by clear and convincing evidence and lies with the party seeking relief. See In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995).

**Defendants' Conduct Violated the Bridge Order's Stay of the State Court Case; and Defendants' Filings in State Court Constitute Clear Evidence that Defendants Did So Knowingly. Defendants Should Be Held in Civil Contempt and Ordered to Pay Plaintiffs' Fees Incurred as a Result of Defendants' Conduct.**

Despite the fact that the law is clear that this Court has the power to stay or dismiss state court actions brought in violation of the Barton Doctrine, and despite the clear terms of this Court's Bridge Order that the state court action was stayed, Smith Development and its counsel proceeded with the state court case through discovery and motions practice, opposing the entry of the stay order by arguing that the Bankruptcy Court lacked jurisdiction not only to stay the state-court action but that the state court should refuse to enforce any sanction award this Court might assess against them.

Defendants' misconduct and refusal of Plaintiffs' requests that Defendants comply with the Bridge Order required Plaintiffs to move for entry of a stay order in the Circuit Court, to move the Circuit Court to strike Defendants' summary judgment motion, and to appear to argue the stay motion.

The knowing misconduct of Defendants in defiance of the Bridge Order is underscored by the specious nature of the arguments advanced in Defendants' motions filed in state court. In its motion for summary judgment, which also served as his opposition to the motion to enter the stay order, Smith Development argued that the Circuit Court "should grant summary judgment confirming that its jurisdiction will not be eroded by a non-Article III U.S. Bankruptcy Court Judge." See Exhibit D, at p. 8. At the hearing, Smith Development's counsel stated, "[t]his court should decline to enter any orders from the bankruptcy court because they are an intrusion on this court's sovereignty and jurisdiction, and it should order that any future orders under the bankruptcy court only be docketed if leave of the court is provided. This case represents a very serious assault on your sovereignty and jurisdiction, Your Honor, and you should turn it away." See Exhibit F, June 23, 2021 Hearing Transcript, at p. 13.

This argument was rejected by the Fourth Circuit over thirty years ago in In re Walters, supra, which constitutes controlling authority on the question. See id., 868 F.2d at 670 ("Determining if a party has committed civil contempt involves essentially only consideration of whether the party knew about a lawful order and whether he complied with it. Such a determination does not involve private rights under non-bankruptcy law and does not offend the Constitution, even under the plurality view in Northern Pipeline [Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982)], It follows that we are of opinion the delegation of civil contempt power to the bankruptcy courts by 11 U.S.C. § 105(**a**) does not offend the Constitution as in violation of separation of powers.").

Otherwise, Smith Development sought to re-litigate its position on the Barton doctrine, and told the Circuit court that "[t]here's nothing in that bridge order that will bear on the legal malpractice based on our right to a jury trial in this Court." See Exhibit F, at p. 15.

9

While the Circuit Court has now entered its own order staying the state court case, the conduct of Smith Development and its counsel provides no assurance against additional actions in state court in violation of the Bridge Order, e.g. motions to reconsider, certifications for appeal, or additional discovery requests.  Moreover, any eventual compliance with the Bridge Order does not cure the contempt; it merely avoids additional sanctions.  See Badea v. Schwartzer (In re Badea), 2019 Bankr. LEXIS 667, at *13-14 (B.A.P. 9th Cir. Mar. 5, 2019) ("Badea's eventual dismissal did not negate the fact that his own actions necessitated Trustee's motion. His eventual compliance with the Dismissal and Sanctions Order simply protected him from an additional sanction of civil contempt.").

## CONCLUSION

For the foregoing reasons, Martin Conway and Pesner, Kawamato, Conway, P.C., through undersigned counsel, respectfully request that that this Court hold Defendants in civil contempt and direct Defendants to compensate Plaintiffs for the fees incurred as a result of Defendants' conduct.

Date: July 9, 2021

Respectfully submitted,

MARTIN CONWAY
PESNER, KAWAMATO, CONWAY, P.C.
By Counsel

/s/ Robert Jackson Martin
Danny M. Howell (VSB No. 30352)
danny@dmhowelllaw.com
Robert Jackson Martin, IV (VSB No. 80655)
jackson@dmhowelllaw.com
Law Offices of Danny M. Howell, PLLC
6861 Elm Street, Suite 3D
McLean, VA 22101
Phone: (703) 556-8900
Fax: (703) 237-1224

*Counsel for Martin Conway and Pesner,
Kawamato, Conway, P.C.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, July 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to all Counsel of Record.

/s/ Jackson Martin
*Counsel for Martin Conway and
Pesner, Kawamato, Conway, P.C.*